# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY,<br><br>        Plaintiff,<br><br>    v.<br><br>RUDD, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00648-JLT-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 20) |

Plaintiff Terry Mackey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ram for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation of the Eighth Amendment; (3) Defendants Rudd and Ram for a state law claim for battery; and (4) Defendants Rudd, Ram, and Mix for a state law claim for negligence.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed January 2, 2025. (ECF No. 20.) Plaintiff states that he is unable to afford counsel, and the claims are complex because they are based on allegations of excessive use of force resulting in injury and may require expert testimony. The claims involve multiple defendants and witnesses and will require extensive discovery including confidential material, which Plaintiff cannot access due to his incarceration. Plaintiff is limited in knowledge of law, and appointment of counsel would

1 | provide him the opportunity to obtain representation equally qualified with the counsel provided
2 | by the state for Defendants. Plaintiff has contacted 5 or more attorneys seeking assistance, with
3 | no luck. (*Id.*)

4 | Defendants have not yet been served and have not had the opportunity to respond to
5 | Plaintiff's motion, but the Court finds a response unnecessary. The motion is deemed submitted.
6 | Local Rule 230(l).

7 | Plaintiff is informed that he does not have a constitutional right to appointed counsel in
8 | this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
9 | *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
10 | represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist.*
11 | *of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may
12 | request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at
13 | 1525.

14 | Without a reasonable method of securing and compensating counsel, the Court will seek
15 | volunteer counsel only in the most serious and exceptional cases. In determining whether
16 | "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
17 | the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
18 | complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

19 | The Court has considered Plaintiff's request, but does not find the required exceptional
20 | circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved,
21 | would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed
22 | almost daily by prisoners who must also conduct legal research, obtain discovery, and litigate
23 | their cases without the assistance of counsel and with limited access to witnesses or expert
24 | testimony.

25 | Furthermore, at this stage in the proceedings, the Court cannot make a determination that
26 | Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was screened and
27 | found to state cognizable claims, this does not mean that Plaintiff's claims are likely to succeed
28 | on the merits. Finally, based on a review of the record in this case, the Court does not find that

Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 20), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __January 6, 2025__                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE