# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY,<br><br>            Plaintiff,<br><br>      v.<br><br>RUDD, *et al.*,<br><br>            Defendants. | Case No.  1:24-cv-00648-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR PERMISSION TO FILE IN THE COURT'S CASE MANAGEMENT/ELECTRONIC CASE FILING (CM/ECF) SYSTEM<br><br>(ECF No. 32) |

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ramm for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation of the Eighth Amendment; (3) Defendants Rudd and Ramm for a state law claim for battery; and (4) Defendants Rudd, Ramm, and Mix for a state law claim for negligence.

Currently before the Court is Plaintiff's request for permission to electronically file documents using the Court's Case Management/Electronic Case Filing ("CM/ECF") system, filed on January 15, 2026.  (ECF No. 32.)

Pursuant to this Court's Local Rule, a pro se party shall file and serve documents in paper and may not utilize electronic filing unless granted permission by the Court. L.R. 133(a)-(b). A pro se party may request an exception to the paper filing requirement from the Court by filing a

1

stipulation of the parties, or "if a stipulation cannot be had, [a] written motion[] setting out an explanation of reasons for the exception." L.R. 133(b)(3).

In his request, Plaintiff explains that he has reliable access to a computer, internet software, and PDF-capable software necessary to comply with CM/ECF procedures. He also states that he is capable of following the Federal Rules of Civil Procedure, Local Rules, and CM/ECF procedures. (ECF No. 32 at 2.) Plaintiff asserts that allowing electronic filing will promote efficiency, reduce delay, conserve judicial and party resources, and promote consistency in case management. (*Id.*) Plaintiff does not further explain why an exception is warranted.

Upon review of the pleadings in this action and the instant request, the Court finds that this action currently does not warrant an exception to the Local Rule. Documents intended to be filed with the Court must be mailed to the Clerk of the Court. *See* Local Rule 134(a).

Accordingly, Plaintiff's motion for permission to utilize electronic filing, (ECF No. 32), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    **January 20, 2026**              /s/ *Barbara A. McAuliffe*       _
                                          UNITED STATES MAGISTRATE JUDGE