# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TERRY MACKEY,

          Plaintiff,

   v.

RUDD, *et al.*,

          Defendants.

Case No.  1:24-cv-00648-JLT-BAM (PC)

ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL AND DIRECTING PARTIES TO MEET AND CONFER

(ECF Nos. 38, 41, 42)

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ram for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation of the Eighth Amendment; (3) Defendants Rudd and Ram for a state law claim for battery; and (4) Defendants Rudd, Ram, and Mix for a state law claim for negligence.

On February 20, 2026, Plaintiff filed the following motions:  (1) "Motion to Compel Discovery; Request for In Camera Review"; (2) "Motion for Sanctions, Expedited discovery Relief, and Rule 26(g) Certification Review Pursuant to Federal Rules of Civil Procedure 26 and 37;" and (3) "Request for Deposition of Defendants and Witnesses," which the Court construes as motions to compel.  (ECF Nos. 38, 41, 42.)

Under this Court's discovery and scheduling order, the parties are relieved of the

1

requirement in Federal Rules of Civil Procedure 26 and 37, and Local Rule 251, to attempt to confer in good faith to resolve a discovery dispute prior to filing any motion to compel. Voluntary compliance is encouraged, but not required.  The Court's order further provides that the meet and confer requirement may be reimposed in any case that the Court deems it appropriate.  (ECF No. 30.)

Upon review of the motions to compel referenced above, the Court finds it appropriate to require the parties to engage in a meet and confer conference regarding their discovery disputes. Defense counsel is directed to contact Plaintiff by telephone or videoconference, or to set-up an in-person meeting, regarding the parties' discovery dispute within **twenty-one (21) days** of the date of this order.  Briefing on the motions to compel is stayed during the meet and confer process, and the opposing party is relieved of their obligation to respond to the motions until further order of the Court.

In conducting the meet and confer conference, the parties are reminded that they are required to act in good faith during the course of discovery.  Complete, accurate, and truthful discovery responses are required.  False or incomplete responses violate the Federal Rules of Civil Procedure and subject an offending party and/or counsel to sanctions.  Boilerplate objections will not be tolerated and will be summarily overruled.  Privileges are narrowly construed and are generally disfavored.  Information not properly disclosed may be excluded from use at a hearing, motion, or trial.

Within **seven (7) days** of the parties' conference, defense counsel shall file a Joint Statement regarding the meet and confer conference.  All parties shall participate in the preparation of the Joint Statement, and must sign the Joint Statement.  **<u>Electronic signatures are acceptable; a wet signature is not required</u>**.

The Joint Statement shall set forth the following:

(a) a statement that the parties met and conferred in good faith regarding the dispute, by phone, videoconference, or in-person, including the date(s) of the conference(s);

(b) a statement explaining whether the motions to compel were resolved in full or in part through the meet and confer process; and

(c) if any issues from the motions remain unresolved, a statement referring the court to each specific discovery request that is still at issue.

Upon review of the Joint Statement, the Court shall issue a further order regarding the motion to compel.  No additional filings may be made regarding the motion to compel unless and until ordered by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties are ordered to meet and confer regarding Plaintiff's motions to compel, (ECF Nos. 38, 41, 42), as outlined above;

2. Defendants are relieved of the obligation to respond to the motions to compel until further order of the Court;

3. Within **thirty (30) days** of the date of service of this order, a Joint Statement shall be filed in this matter as outlined above; and

4. **The parties are warned that the failure to meet and confer in good faith as set forth in this order, or to comply with any of its terms, will result in the imposition of sanctions, which may include dismissal of the action**.

IT IS SO ORDERED.

Dated:   **February 23, 2026**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3