**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY, | Case No.  1:24-cv-00648-JLT-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND FACT DISCOVERY CUTOFF AND DEADLINE TO FILE MOTION FOR SUMMARY JUDGMENT |
| v. | |
| RUDD, *et al.*, | |
| Defendants. | (ECF No. 45) |
| | Discovery Deadline: **June 12, 2026** |
| | Dispositive Motion Deadline: **August 21, 2026** |

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ram for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation of the Eighth Amendment; (3) Defendants Rudd and Ram for a state law claim for battery; and (4) Defendants Rudd, Ram, and Mix for a state law claim for negligence.

Pursuant to the Court's January 21, 2026 order, the deadline for completion of all discovery, including filing all motions to compel discovery, is April 13, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is June 22, 2026.  (ECF No. 37.)

Currently before the Court is Defendants' administrative motion to extend the April 13,

1

2026 discovery deadline by 60 days and the June 22, 2026 deadline to file a motion for summary judgment by 60 days.  (ECF No. 45.)  Defense counsel states that Plaintiff currently has motions to compel discovery and for sanctions pending, and despite meeting and conferring with Plaintiff, they were unable to resolve many discovery disputes.  Defense counsel further states that Plaintiff has indicated his intent to depose all three defendants in person and to seek subpoenas to depose several non-party witnesses.  Defendants also have not yet deposed Plaintiff, while the discovery and sanctions motions are pending.  (*Id.*)

Defense counsel further reports that they received an e-mail from someone purporting to be Plaintiff's wife on March 19, 2026, stating, "This is terry's wife he is dealing with a family emergency and will not be able to respond till next week.  Sorry for any inconvenience."  (ECF No. 45, Ryan Decl. ¶ 8.)  Additionally, to Defendants' knowledge, a search of arrest records in Contra Costa County showed that Plaintiff was in the custody of the Contra Costa County Sheriff.  (*Id.* ¶ 9.)  From the Contra Costa County Sheriff's website, Plaintiff was booked March 19, 2026, on a "no bail" hold with booking number 2603721. At the time of the motion, Defendants did not know when Plaintiff may be released.  (*Id.*)  Defendants assert that given Plaintiff's incarceration, they cannot notice his deposition and cannot coordinate with Plaintiff regarding his intent to depose Defendants.  (*Id.* ¶ 10.)

Defendants additionally note that Plaintiff has made clear that he does not want to work informally with defense counsel and would oppose any motions to extend discovery or summary judgment deadlines.  However, defense counsel is unable to contact Plaintiff while he is incarcerated in the county jail and the last communication received was that he was dealing with a family emergency.  (ECF No 45, Ryan Decl. ¶12.)  Defendants contend that an extension of time for both discovery and summary judgment motions will allow the discovery disputes to be resolved and all depositions to be properly noticed and taken.  (*Id.* ¶ 13.)  Defendants believe that a brief extension also will assist Plaintiff in completing the discovery he seeks, namely taking Defendants' depositions.  Defendants indicate that without an extension, Plaintiff will not be able to depose Defendant Ram, who will be unavailable for at least one month, beginning in April. (*Id.* ¶ 14.)

Plaintiff has not yet had an opportunity to file a response to Defendants' motion, but the Court finds further briefing unnecessary.  Defendants' motion is deemed submitted.  Local Rule 230(l), 233.

In light of the pending discovery motions, and the discovery remaining to be completed, the Court finds good cause to grant the requested modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  The discovery deadline will be extended to June 12, 2026, and the deadline to file motions for summary judgment will be extended to August 21, 2026.  Plaintiff will not be prejudiced by the extension of these deadlines, which will allow the pending discovery disputes to be resolved and depositions to be properly noticed and completed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' request for administrative relief to extend the fact-discovery cutoff and deadline to file a summary judgment motion, (ECF No. 45), is GRANTED;

2.  The deadline for completion of all discovery, including filing all motions to compel discovery, is extended from April 13, 2026, to **June 12, 2026**;

3.  The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from June 22, 2026, to **August 21, 2026**; and

4.  **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**.

IT IS SO ORDERED.

Dated:  __**March 31, 2026**__                    ____/s/ *Barbara A. McAuliffe*____
                                                           UNITED STATES MAGISTRATE JUDGE