# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>RUDD, *et al.*,<br><br>                    Defendants. | Case No.  1:24-cv-00648-JLT-BAM (PC)<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO STAY DEPOSITION AND FOR PROTECTIVE ORDER<br><br>(ECF No. 61) |

**I.      Introduction**

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ram for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation of the Eighth Amendment; (3) Defendants Rudd and Ram for a state law claim for battery; and (4) Defendants Rudd, Ram, and Mix for a state law claim for negligence.

Pursuant to the Court's March 31, 2026 order, the current deadline for completion of all discovery, including filing all motions to compel discovery, is June 12, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is

August 21, 2026.[1]  (ECF No. 47.)

On February 20, 2026, Plaintiff filed the following motions:  (1) "Motion to Compel Discovery; Request for In Camera Review"); (2) "Motion for Sanctions, Expedited discovery Relief, and Rule 26(g) Certification Review Pursuant to Federal Rules of Civil Procedure 26 and 37;" and (3) "Request for Deposition of Defendants and Witnesses," which the Court construed as motions to compel.  (ECF Nos. 38, 41, 42.)

On February 23, 2026, the Court ordered the parties to meet and confer regarding their discovery disputes, and to file a joint statement following the parties' conference.  The Court stayed further briefing on Plaintiff's motions to compel.  (ECF No. 43.)

On March 18, 2026, Defendants filed a statement indicating that the parties did not resolve (1) Plaintiff's Motion to Compel Discovery; Request for In Camera Review (ECF No. 38), which seeks production of disciplinary records of Defendants, Internal Affairs investigation documents, Plaintiff's medical records, and video footage; and (2) Plaintiff's Motion for Sanctions (ECF No. 41).  (ECF No. 44.)  However, Plaintiff's request for deposition of defendants and witnesses (ECF No. 42) had been resolved.  (*Id.*)

On March 30, 2026, the Court reinstated the briefing on Plaintiff's motion to compel and Plaintiff's motion for sanctions only.  (ECF No. 46.)

On April 6, 2026, Plaintiff filed a supplemental motion to compel production of documents and request for sanctions.  (ECF No. 48.)

On April 20, 2026, Defendants filed their oppositions to Plaintiff's motion to compel, Plaintiff's motion for sanctions, and Plaintiff's supplemental motion to compel.  (ECF Nos. 56, 57, 58.)  Plaintiff did not file replies to the oppositions.

Currently before the Court is Plaintiff's motion to stay Defendants' deposition of Plaintiff and for protective order pursuant to Federal Rules of Civil Procedure 26(c), 26(d), 30(d), and 37(a), filed May 15, 2026, and docketed May 18, 2026.  (ECF No. 61.)  Plaintiff seeks an order staying Defendants' noticed deposition of Plaintiff currently scheduled for May 22, 2026,

---

[1] On April 9, 2026, Plaintiff filed a motion for reconsideration of the Court's order extending the dispositive motion filing deadline.  (ECF No. 53.)  The motion remains pending.

pending Defendants' full compliance with outstanding discovery obligations. (*Id.*) Defendants have not yet had an opportunity to respond to the motion to stay and for protective order, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

## II.     Motion to Stay Plaintiff's May 22, 2026 Deposition

### A.  Summary of Plaintiff's Argument

Plaintiff contends that Defendants seek to depose him while continuing to withhold critical investigative evidence directly related to the underlying use of force incident, including witness interviews, defendant statements, OIA/Internal Affairs investigative materials, recordings, and related evidence uniquely within Defendants' possession and control. (ECF No. 61 at 2.) Plaintiff asserts that he has repeatedly sought production of these materials because they are necessary to prepare for deposition, refresh recollection, identify inconsistencies, and prevent unfair surprise, among other things. (*Id.*) Plaintiff argues that proceeding with his deposition before production of these materials would substantially prejudice him. (*Id.*)

Plaintiff indicates that despite noticing his deposition, Defendants continue withholding critical discovery materials, including defendant interviews and statements, witness interviews and statements, OIA/Internal Affairs investigative recordings and transcripts, incident investigative materials, relevant video evidence, use of force investigative evidence, and related impeachment evidence. (ECF No. 61 at 3.) Plaintiff argues that these materials concern the central disputed facts in this litigation and remain exclusively within Defendants' possession, custody and control. (*Id.*)

Plaintiff argues that he would suffer substantial prejudice if forced to proceed without the withheld materials. (ECF No. 61 at 5.) He asserts that the withheld interviews and investigative materials directly concern officer conduct, witness observations, timeline disputes, use of force justification, communications between officers, alleged "resistance narratives," and post-incident reporting. (*Id.* at 5-6.) Plaintiff claims that without access to these materials, he cannot adequately prepare for deposition or meaningfully test Defendants' anticipated factual assertions. (*Id.* at 6.)

By his motion, Plaintiff requests that the Court stay his deposition currently noticed for

May 22, 2026, issue a protective order preventing Defendants from proceeding with Plaintiff's deposition until full production of all outstanding defendant witness interviews, statements, recordings, investigative materials, and related evidence, and order Defendants to produce all outstanding investigative materials within a time set by the Court.  (ECF No. 61 at 8-9.)

### B.  Legal Standard

The Court is vested with broad discretion to manage discovery.  *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013).  Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters. *Id.*

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *Westmoreland v. Regents of the Univ. of Cal.*, No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

### C.  Discussion

Plaintiff does not explain why he waited until May 15, 2026, only seven days before the scheduled deposition, to file his motion to stay the deposition.  Notwithstanding the delay, having considered the motion, the Court finds good cause to stay Plaintiff's May 22, 2026 deposition pending resolution of Plaintiff's motion to compel, Plaintiff's motion for sanctions, and Plaintiff's

supplemental motion to compel and for sanctions.  As appropriate, the Court will extend the relevant discovery deadline following resolution of the pending discovery motions, including for the purpose of conducting Plaintiff's deposition.  Defendants therefore will not be prejudiced by the brief stay of Plaintiff's deposition.

**III.   Conclusion and Order**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to stay Defendants' deposition of Plaintiff and for protective order (ECF No. 61) is GRANTED IN PART.

2. Plaintiff's May 22, 2026 deposition is STAYED pending resolution of Plaintiff's motion to compel, Plaintiff's motion for sanctions, and Plaintiff's supplemental motion to compel production of documents and request for sanctions.

3. As appropriate, the Court will extend the relevant discovery deadline following resolution of the pending discovery motions.

4. Defendants are directed to electronically serve Plaintiff with a copy of this Order.

IT IS SO ORDERED.

Dated:   **May 19, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge