# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

TERRY MACKEY,

                Plaintiff,

    v.

RUDD, *et al.*,

                Defendants.

Case No.  1:24-cv-00648-JLT-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR IN CAMERA REVIEW (ECF No. 38)

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, EXPEDITED DISCOVERY RELIEF, AND RULE 26(g) CERTIFICATION REVIEW (ECF No. 41)

ORDER DENYING PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL PRODUCTION (ECF No. 48)

ORDER LIFTING STAY OF PLAINTIFF'S DEPOSITION AND EXTENDING DISCOVERY DEADLINES (ECF No. 62)

ORDER DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF AS MOOT (ECF No. 64)

## I.    Introduction

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ram for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation

1

of the Eighth Amendment; (3) Defendants Rudd and Ram for a state law claim for battery; and (4) Defendants Rudd, Ram, and Mix for a state law claim for negligence.

On June 10, 2025, the Court issued a Discovery and Scheduling Order, which set the discovery deadline for February 10, 2026, and the dispositive motion deadline April 20, 2026. (ECF No. 30.)  On January 21, 2026, the Court granted Plaintiff's unopposed motion to extend the discovery deadline and Defendants' motion to extend the dispositive motion deadline, setting the discovery deadline for April 13, 2026, and the dispositive motion deadline for June 22, 2026. (ECF No. 37.)

On February 20, 2026, Plaintiff filed the following motions:  (1) "Motion to Compel Discovery; Request for In Camera Review"; (2) "Motion for Sanctions, Expedited Discovery Relief, and Rule 26(g) Certification Review Pursuant to Federal Rules of Civil Procedure 26 and 37;" and (3) "Request for Deposition of Defendants and Witnesses," which the Court construed as motions to compel.  (ECF Nos. 38, 41, 42.)

On February 23, 2026, the Court ordered the parties to meet and confer regarding their discovery disputes, and to file a joint statement following the parties' conference.  The Court stayed further briefing on Plaintiff's motions to compel.  (ECF No. 43.)

On March 18, 2026, Defendants filed a statement indicating that the parties did not resolve (1) Plaintiff's Motion to Compel Discovery; Request for In Camera Review (ECF No. 38), which seeks production of disciplinary records of Defendants, Internal Affairs investigation documents, Plaintiff's medical records, and video footage; and (2) Plaintiff's Motion for Sanctions (ECF No. 41).  (ECF No. 44.)  However, Plaintiff's request for deposition of defendants and witnesses (ECF No. 42) had been resolved.  (*Id.*)

On March 30, 2026, the Court reinstated the briefing on Plaintiff's motion to compel and Plaintiff's motion for sanctions only.  (ECF No. 46.)  The Court directed Defendants to file any opposition to Plaintiff's motions within 21 days, and directed Plaintiff to file his replies within 14 days from the date of filing of Defendants' oppositions.  (*Id.*)

On March 31, 2026, the Court granted Defendants' motion to extend the discovery deadline and dispositive motion deadline, setting the discovery deadline for June 12, 2026, and

the dispositive motion deadline for August 21, 2026.  (ECF No. 47.)  Plaintiff filed a motion for reconsideration of the Court's order extending the dispositive motion deadline.  (ECF Nos. 53, 59.)  The motion remains pending.

On April 6, 2026, Plaintiff filed a supplemental motion to compel production of documents and request for sanctions.  (ECF No. 48.)

On April 20, 2026, Defendants filed their oppositions to Plaintiff's motion to compel, Plaintiff's motion for sanctions, and Plaintiff's supplemental motion to compel.  (ECF Nos. 56, 57, 58.)  Plaintiff did not file any replies, and the time in which to do so has expired.  The motions are deemed submitted.  Local Rule 230(l).

In addition to the foregoing, on May 15, 2026, the Court partially granted Plaintiff's request to stay his May 22, 2026 deposition pending resolution of Plaintiff's motion to compel, motions for sanctions, and supplemental motion to compel.  (ECF No 62.)  The Court indicated that it would extend the relevant discovery deadline, as appropriate, following resolution of the motions.  (*Id.*)

On June 5, 2026, Defendants filed a motion for administrative relief to extend the deadline for fact discovery and to file a dispositive motion.  (ECF No. 64.)

**II.     Plaintiff's Motion to Compel Discovery; Request for In Camera Review (ECF No. 38)**

**A.  Background**

In his motion, Plaintiff seeks an order compelling Defendants to produce responsive discovery, including "officer disciplinary records, histories of complaints, internal investigations, and related findings, as well as previously requested video and communications." (ECF No. 38 at 1.)  Plaintiff served discovery requests seeking materials relating to prior complaints of excessive force or misconduct involving Defendants, internal affairs investigations and findings, disciplinary histories and corrective actions, relevant communication, and specific Facility C video footage depicting interactions central to Plaintiff's claims.  (*Id.* at 2.)  Per Plaintiff, Defendants have responded with broad objections and withheld categories of responsive records. Plaintiff also served supplemental discovery addressing omissions and deficiencies in prior

3

production, but Defendants recharacterized those requests as entirely new discovery and delayed production. (*Id.*)

Plaintiff argues that the requested personnel and internal affairs records are relevant and discoverable. To that end, he asserts that his claims place Defendants' use of force, credibility, and pattern of conduct directly at issue and that prior complaints, investigations, and disciplinary findings are probative of intent, absence of mistake, and potential policy or supervision failures. (ECF No. 38 at 3.) Plaintiff claims that courts routinely compel production of such materials subject to protective orders or in camera review.

Plaintiff further argues that Defendants rely on generalized references to privacy, institutional security, and official-information privilege without conducting the required document-by-document balancing analysis. (ECF No. 38 at 3.) Plaintiff contends that without reviewing the materials, he "cannot meaningfully challenge the privilege claims." (*Id.* at 4.)

Plaintiff requests the Court order Defendants to submit the following materials for in camera review: officer disciplinary records; histories of complaints; internal affairs investigations and witness interviews; and findings, conclusions, and corrective actions relating to Defendants. (ECF No. 38 at 4.) Plaintiff also requests the Court order Defendants to produce all responsive, non-privileged materials relating to officer disciplinary history, complaints, investigations, and findings; order Defendants to produce the requested Facility C video footage and responsive communications; require Defendants to submit withheld personnel and internal affairs materials for in camera review; and order Defendants to provide a compliant, document-specific privilege log. (*Id.*)

In opposition, Defendants argue that Plaintiff has not identified a legitimate basis for compelling any response to any discovery request. (ECF No. 56 at 7.) Defendants first contend that Plaintiff's motion should be denied because Plaintiff failed to specify which Request for Production of Documents number that he is disputing, why the information sought is relevant, and which objections are not justified. (*Id.*) Second, Defendants contend that Plaintiff has failed to meet his burden of demonstrating actual and substantial prejudice from the denial of discovery and has failed to meet his burden of establishing that his request satisfies the relevance

4

requirements, particularly given Plaintiff's lack of citation to any specific discovery request, response, or objection.  (*Id.*)  Third, Defendants contend that Plaintiff cannot rebut Defendants' objection on the grounds of official information privilege.  (*Id.* at 8-9.)

### B. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action.  *McCoy v. Ramirez*, No. 1:13-cv-01808-MJS (PC), 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in the party's "possession, custody or control."  Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).  A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

5

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

**C. Discussion**

Preliminarily, and as Defendants note, Plaintiff fails to specify which requests for production he is disputing, why the information sought is relevant, and which objections are not justified. Plaintiff's motion is subject to denial on this basis alone. *See Ellis*, 2008 WL 860523, at *4. Nevertheless, based on the parties' meet and confer, Defendants reasonably believe that Plaintiff is contesting Defendants' responses to Plaintiff's Requests for Production of Documents, Set One, Nos. 1-3, 6, and 7, and Request for Production of Documents, Set Two, No. 1. In an abundance of caution, the Court will consider those requests in turn.

Plaintiff's Request for Production of Documents Set One

RFP No. 1:

All documents, reports, notes, emails, video, and audio recordings related to the incident involving Plaintiff that occurred on or about April 19, 2024 at Sierra Conservation Center on C Facility, including but not limited to use of force reports, incident reports, medical evaluation, custody logs, and communications between staff.

Response to Request for Production ("RFP") No. 1:

Objection, Compound. Defendant objects that the request is overbroad in scope as it seeks email communication from unnamed staff making the request overly burdensome and not proportional to the needs of the case. Defendant further objects to the extent that it calls for confidential documents and/or documents contained in Defendant's personnel files. These documents implicate the safety and security of the institution, inmates, staff, and other nonparties. Such documents are therefore protected by the official information privilege and California

Evidence Code section 1040. Vague and ambiguous as to the phrase "custody logs." Defendants also object to the extent the request seeks information that may violate the privacy rights of third parties.

Subject to, and without waiving, these objections, Defendant will produce plaintiff's medical records from Sierra Conservation Center; Government Claim Declaration; April 19, 2024 Holding Cell Log; Incident Report Package; Grievance 551037; Office of Grievance decision; Grievance 551054; Office of Grievance decision; Misconduct Response Memorandum.

Supplemental Response to Request for Production No. 1:

Defendants reallege and incorporate by reference all prior objections. Subject to and without waiving those objections, Defendants respond: Based on Plaintiff's representation that, as of January 16, 2026, he has only received his medical records from Sierra Conservation Center, Defendants renumber and reproduce the following, concurrently with this response: Sierra Conservation Center medical records (**Defs.' 00001-03728**); Government Claim Declaration (**Defs.' 003729**); April 19, 2024 Holding Cell Log (**Defs.' 003734**); Incident Report Package (**Defs.' 003735-003751**); Grievance log no. 551037, including Office of Grievance decision (**Defs.' 003857-003859**); Grievance 551054, including Office of Grievance decision (**Defs.' 003860-003863**); Investigative Reports (**Defs.' 003730- 003733, 003752-003820**); IATS Appeal List (**Defs.' 003846**); and OGT Grievance Report (**Defs.' 003847-003856.**)

Defendants previously attempted, on December 31, 2025, to electronically produce six surveillance videos of the incident to Plaintiff. The files could not be transmitted electronically, nor could they be viewed in their .exe format. Defendants had a third-party vendor convert the files to .mp4 format, so that they are viewable and can be transmitted to Plaintiff. The six surveillance videos (**Defs.' Videos 000001-000006**) are being concurrently served on Plaintiff, electronically.

Ruling on RFP No. 1:

Based on the relief requested in his moving papers, it appears Plaintiff is dissatisfied with Defendants' production of Facility C video footage, requesting that the Court order production of the footage and "responsive communications." (ECF No. 38 at 4.) Defendants indicate that no

other videos exist.  (ECF No. 56 at 11.)

The Court cannot compel a party to produce video footage that does not exist. Defendants have stated that reasonable searches and diligent inquiries have been conducted for additional videos, and no other videos were located.  (ECF No. 56 at 11.)  While Plaintiff may believe that there is more video footage in existence, in the absence of legal or fact-based substantive deficiencies, he is required to accept the response provided.  Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient.  In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that no responsive documents exist.  *See Mootry v. Flores*, 1:09-cv-01252-LJO-BAM (PC), 2014 WL 3587839, *2 (E.D. Cal. 2014).  Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

The Court cannot ascertain from Plaintiff's motion what additional records he believes should have been produced in response to the request.  Plaintiff's general objections to the information privilege are not sufficient.

Accordingly, Plaintiff's motion to compel a further response to RFP No. 1 is denied.

RFP No. 2:

All photographs and video recordings of Plaintiff's wrist injuries, including any video or pictures taken by Lt. Whitley and/or Sgt. Arauza on or about April 19, 2024, whether recorded using handheld devices, body-worn cameras, institutional equipment, or personal devices.

Response to RFP No. 2:

Objection. Compound. Vague as to time. Vague and ambiguous as to the phrase "Plaintiff's wrist injuries". Subject to, and without waiving, these objections, Defendants produce: April 19, 2024 video interview of plaintiff.

Supplemental Response to RFP No. 2:

Defendants reallege and incorporate by reference all prior objections. Subject to and

8

without waiving those objections, Defendants respond: Concurrently with serving these responses, Defendants produce Defs.' Video 000007, via e-mail.

Ruling:

Although not entirely clear, it appears Plaintiff is dissatisfied with Defendants' production of Facility C video footage.  (ECF No. 38.)  However, Defendants indicate that no other videos exist, reasonable searches and diligent inquiries have been conducted for additional videos, and no other videos were located.   (ECF No. 56 at 12.)  As discussed above, the Court cannot compel a party to produce video footage that does not exist.   Accordingly, Plaintiff's motion to compel a further response to RFP No. 2 is denied.

RFP No. 3:

All AVSS (Automated Video Surveillance System) footage of the C Facility Plaza at Sierra Conservation Center from April 19, 2024, including footage requested by Lt. Whitley and any documentation showing the request for preservation, download, review, or chain of custody.

Response to RFP No. 3:

Objection. Compound. Defendant objects to the extent that it calls for confidential documents and/or documents contained in Defendant's personnel files. These documents implicate the safety and security of the institution, inmates, staff, and other non-parties. Such documents are therefore protected by the official information privilege and California Evidence Code section 1040. Defendant also objects to the extent the request seeks information that may violate the privacy rights of third parties.

Without waiving the objections, Defendant will produce: Incident Report Package. In addition, Defendant has identified multiple video files potentially responsive that are currently unplayable. Defendant will supplement this response with either, the additional video if it is accessible in a reasonably usable form, or the statement that defendant's inability to comply.

Supplemental Response to RFP No. 3:

Defendants reallege and incorporate by reference all prior objections. Subject to and without waiving those objections, Defendants respond: Defendants previously attempted, on December 31, 2025, to electronically produce six surveillance videos of the incident to Plaintiff.

The files could not be transmitted electronically, nor could they be viewed in their .exe format. Defendants had a third-party vendor convert the files to .mp4 format, so that they are viewable and can be transmitted to Plaintiff. The six surveillance videos (**Defs.' Videos 000001-000006**) are being concurrently served on Plaintiff, via e-mail.

Ruling:

Although not entirely clear, it appears Plaintiff is dissatisfied with Defendants' production of Facility C video footage.  (ECF No. 38.)  However, Defendants indicate that no other videos exist, reasonable searches and diligent inquiries have been conducted for additional videos, and no other videos were located.   (ECF No. 56 at 13.)  As discussed above, the Court cannot compel a party to produce video footage that does not exist.  Accordingly, Plaintiff's motion to compel a further response to RFP No. 3 is denied.

RFP No. 6:

All disciplinary records, internal affairs investigations, and misconduct complaints— whether sustained or not—for the past ten (10) years for C. Rudd, K. Ram, and M. Mix, including those involving use of force, excessive force, failure to follow procedure, or abuse of authority.

Response to RFP No. 6:

Objection. Compound. Seeks inadmissible character evidence. Irrelevant to the claims and defenses in this action thus unduly burdensome and not proportional to the needs of this case. Overbroad as to time. Defendant further objects to the extent that it calls for confidential documents and/or documents contained in Defendant's personnel files. These documents implicate the safety and security of the institution, inmates, staff, and other non-parties. Such documents are therefore protected by the official information privilege and California Evidence Code section 1040. Defendant also objects to the extent the request seeks information that may violate the privacy rights of third parties.

Supplemental Response to RFP No. 6:

Defendants reallege and incorporate by reference all prior objections. Subject to and without waiving those objections, Defendants respond: Based on the foregoing objections, no documents will be produced at this time. Defendants are, however, re-serving their privilege log

10

and supporting declaration.

Ruling:

Plaintiff seeks to compel production of all disciplinary records, internal affairs investigations, and misconduct complaints against Defendants C. Rudd, K. Ram, and M. Mix for the past 10 years.  Plaintiff asserts that his claims place "Defendants' use of force, credibility, and pattern of conduct directly at issue. Prior complaints, investigations, and disciplinary findings are probative of intent, absence of mistake, and potential policy or supervision failures." (ECF No. 38 at 3.)

Plaintiff's request is overly broad, unduly burdensome, geared towards inadmissible character evidence, and not proportional to the needs of his case.  Fed. R. Civ. P. 26(b); *see Taylor v. Jiminez*,  No. 1:19-cv-00068-JLT-BAM (PC), 2024 WL 3090592, at *3 (E.D. Cal. June 21, 2024) (denying motion to compel production of defendant's personnel files, complaints of misconduct, internal affairs investigations, inmate grievances, and complaints).  The request is not limited to Defendants' work at the Sierra Conservation Center or the events at issue in this action.  The request seeks documents from time periods long before and well after the events in 2024 that are the basis of Plaintiff's claims.  Further, the request, which seeks all prior misconduct complaints, disciplinary records, and internal affairs records, without regard to the nature of those complaints or records, is not relevant to Plaintiff's excessive force, failure to prevent harm, battery or negligence claims against Defendants.  Instead, Plaintiff's request appears designed to uncover character evidence, which is inadmissible.  Fed. R. Evid. 404(a).

Further, Plaintiff's general objections to the information privilege are not sufficient.  Plaintiff essentially tasks the Court with conducting an in camera review of the entirety of Defendants' personnel files for the past 10 years.  The motion on that basis alone is unduly burdensome and overbroad.  *See, e.g.*, *Brook v. Carey*, 2:04-cv-1254-GEB-GGH-P, 2006 WL 2620584, at *18 (E.D. Cal. Sept. 12, 2006) (denying motion to compel request as overly burdensome where plaintiff sought "to task the court with the burden of an in camera review of defendants' entire personnel files to discern whether the information therein contains any evidence of motive, habit, intent and absence of mistake").  Defendants indicate that they have

11

identified disciplinary records and investigations that may be responsive to the request on a privilege log, which has been served on Plaintiff.  (ECF No. 56.)  However, Plaintiff has not identified specific challenges to the privilege log, and the Court will not undertake a review in the absence of a particularized objection.

Accordingly, Plaintiff's motion to compel a further response to RFP No. 6 is denied.

RFP No. 7:

All records of citizen, staff, or inmate complaints made against C. Rudd, K. Ram, and M. Mix, including grievance forms, findings, outcomes, and any disciplinary or corrective action taken in response.

Response to RFP No. 7:

Objection.  Compound. Seeks inadmissible character evidence. Irrelevant to the claims and defenses in this action thus unduly burdensome and not proportional to the needs of this case. Overbroad as to time. Defendant further objects to the extent that it calls for confidential documents and/or documents contained in Defendant's personnel files. These documents implicate the safety and security of the institution, inmates, staff, and other non-parties. Such documents are therefore protected by the official information privilege and California Evidence Code section 1040. Defendant also objects to the extent the request seeks information that may violate the privacy rights of third parties.

Supplemental Response to RFP No. 7:

 Defendants reallege and incorporate by reference all prior objections. Subject to and without waiving those objections, Defendants respond: Based on the foregoing objections, no documents will be produced at this time. Defendants are, however, re-serving their privilege log and supporting declaration.

Ruling:

Plaintiff's request is overly broad, unduly burdensome, geared towards inadmissible character evidence, and not proportional to the needs of his case.  Fed. R. Civ. P. 26(b).  The request is not limited to Defendants' work at the Sierra Conservation Center or the events at issue in this action.  The request seeks documents from time periods long before and well after the

events in 2024 that are the basis of Plaintiff's claims.

Further, the request, which seeks any and all prior citizen, staff, or inmate complaints ever submitted against Defendants, without regard to the issues raised in those complaints, is not relevant to Plaintiff's Eighth Amendment and state law claims.  Instead, Plaintiff's request appears designed to uncover character evidence, which is inadmissible.  Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and burdensome. *Taylor*, 2024 WL 3090592, at *3.  To the extent Plaintiff's request seeks matters of public record, such as civil complaints filed by inmates or citizens, those documents are equally available to Plaintiff.

Additionally, Plaintiff's general objections to the information privilege are not sufficient. As discussed, Plaintiff essentially tasks the Court with conducting an in camera review of the entirety of Defendants' personnel files, and the motion on that basis alone is unduly burdensome and overbroad.  *Brook*, 2006 WL 2620584, at *18.  As noted above, Defendants indicate that they have identified disciplinary records and investigations that may be responsive to the request on a privilege log, which has been served on Plaintiff.  (ECF No. 56.)  However, Plaintiff has not identified specific challenges to the privilege log, and the Court will not undertake a review in the absence of a particularized objection.

Accordingly, Plaintiff's motion to compel a further response to RFP No. 7 is denied.

Plaintiff's Request for Production of Documents Set Two – Number 1

RFP 1:

The Incident Report Package expressly documents that video surveillance exists ("Video Surveillance of Incident: Yes") and confirms that a video interview was recorded and downloaded onto a DVD+R disc and submitted into evidence. Lt. William Whitley states that he conducted a video recorded interview on April 19, 2024, downloaded the video onto a DVD+R, submitted the disc into SCC Investigative Services Unit evidence, and forwarded a copy to SCC Use of Force staff services. Accordingly, I demand that Defendants produce within 10 days: 1. A complete copy of all surveillance video/DVD footage relating to the incident (including routes of escort, holding cell, patio/Facility C areas, and any adjacent cameras that captured relevant activity); 2. A

complete copy of the DVD+R video interview referenced in the incident report package; 3. Any VSS evidence request forms, chain-of-custody logs, evidence tracking records, and documentation showing where the DVD is stored and who accessed it; and 4. Written confirmation whether any video has been withheld, lost, destroyed, overwritten, or deemed unavailable, including the identity of the responsible custodian(s) and the retention basis. If Defendants refuse to produce the DVD/video evidence, I will seek Court intervention by motion to compel and request appropriate sanctions and/or adverse inference relief if any video evidence has been altered, withheld, or destroyed.

Response to RFP No. 1:

Objection. Compound. Defendant objects that the request is overbroad in scope as to the timing of potential logs or chains of custody. Defendant further objects to the extent that it calls for confidential documents and/or documents contained in Defendant's personnel files. These documents implicate the safety and security of the institution, inmates, staff, and other nonparties. Vague and ambiguous as to the phrase "custody logs." Defendants also object to the extent the request seeks information that may violate the privacy rights of third parties. Subject to, and without waiving, these objections, Defendants have previously produced all video evidence including footage related to the incident and interviews they were titled **Defs.' Videos 000001-000006**. No other videos exist. Custody logs for the videos are served as **Defs.' 3910 - 3911**. There have been no videos that have been withheld or destroyed to Defendants' knowledge.

Ruling:

Defendants indicate that no other videos exist, reasonable searches and diligent inquiries have been conducted for additional videos, and no other videos were located.   (ECF No. 56 at 19.)  Further, Defendants have produced the custody logs for the videos and have indicated that, to their knowledge, no videos have been withheld or destroyed. As discussed above, the Court cannot compel a party to produce video footage that does not exist.  Accordingly, Plaintiff's motion to compel a further response to RFP No. 1 is denied.

///

///

14

**III.     Plaintiff's Motion for Sanctions, Expedited Discovery Relief, and Rule 26(g) Certification Review Pursuant to Federal Rules of Civil Procedure 26 and 37 (ECF No. 41)**

In his motion, Plaintiff seeks an order imposing sanctions and setting expedited production deadlines due to Defendants' "continued delay" in producing responsive discovery, reliance on unsupported blanket privilege assertions, and potential violations of Rule 26(g)'s certification requirements.  (ECF No. 41 at 1.)  Plaintiff served discovery requests seeking personnel records, investigative materials, communications, video evidence, and medical documents relating to his injuries.  Defendants reportedly produced incomplete responses and asserted general privilege objections.  Plaintiff claims that he later obtained medical records that were already within Defendants' possession, custody, and control, but had not been produced in discovery.  Plaintiff argues that because discovery responses must be signed pursuant to Rule 26(g), certifying that counsel conducted a reasonable inquiry and that responses are complete and correct to the best of their knowledge, the failure to produce records already within Defendants' possession raises serious concerns regarding compliance with rule 26(g).

Plaintiff further argues that (1) expedited discovery deadlines are necessary to prevent further prejudice based on Defendants' delay in producing core discovery; (2) Defendants failed to timely supplement discovery under Rule 26(e) as demonstrated by the existence of undisclosed medical records in Defendants' possession; (3) Rule 26(g) certification concerns warrant review based on the failure to produce known medical records; and (4) in camera review of withheld personnel files, disciplinary records, complaints, internal affairs investigations, and investigative findings is necessary.  (ECF No. 41 at 3.)  Plaintiff requests that the Court order Defendants to produce all non-privileged materials, produce requested Facility C footage, and submit withheld personnel and investigative materials for in camera review.  Plaintiff also requests that the Court require a compliant, document-specific privilege log, review Defendants' Rule 23(g) certification and impose sanctions, preclude Defendants from relying on documents withheld or produced after the expedited deadline absent good cause, and award him expenses.  (*Id.* at 3-4.)  Plaintiff submitted an unsigned declaration in support of his motion.  (*Id.* at 5-6.)

Defendants oppose the motion for sanctions and expedited discovery. Preliminarily, Defendants assert that counsel has acted in good faith to respond to Plaintiff's discovery requests promptly and thoroughly. In support of that assertion, Defendants submitted the declaration of their current defense counsel. (ECF No. 57 at 9.) According to that declaration, upon inheriting the case on January 5, 2026, counsel learned that Plaintiff served Requests for Production of Documents, Set One on prior defense counsel on August 7, 2025. (Ryan Decl. ¶ 2.) On September 22, 2025, prior defense counsel responded to the requests, including producing over 3,000 pages of medical reports, and noting his intention to supplement Defendants' responses. (*Id.* ¶ 3.) Plaintiff later informed prior defense counsel that his link to the discovery responses had expired, so Plaintiff's medical records were provided to him again on December 31, 2025. (*Id.*) Current defense counsel spoke to Plaintiff on January 16, 2026, and learned he was dissatisfied with Defendants' discovery responses. (*Id.* ¶ 4.) Thereafter, counsel provided Plaintiff with an investigative report informally on January 21, 2026, while additional supplemental responses were compiled. (*Id.*) Plaintiff told counsel that one of the reasons he was dissatisfied was he had not received any surveillance videos of the events, but was told by former counsel that they existed. (*Id.*) The video files were unplayable in the format they were received by defense counsel, and were unplayable by the institution that provided the files. (*Id.* ¶ 5.) Both the prior and current defense counsel attempted to send the files to Plaintiff, but they could not be transmitted in their native format. (*Id.*) Current defense counsel therefore hired an outside company to expeditiously convert the video files into a format that anyone could view. (*Id.* ¶ 6.) After paying the outside company to convert the files as quickly as possible, defense counsel turned over all videos and served supplemental responses to Plaintiff's discovery requests on February 3, 2026, less than one month after inheriting the case, and 18 days after speaking to Plaintiff. (*Id.* ¶ 7.) Additionally, defense counsel updated the previously served privilege log related to disciplinary records for all Defendants. (*Id.*)

Between January 5 and February 3, 2026, defense counsel was in frequent communication with Plaintiff, and advised him of the issue with the video format. (Ryan Decl. ¶ 8.)

On January 21, 2026, Plaintiff served "Supplemental Request for Production of

Documents, Set One" and demanded responses in ten days.  (Ryan Decl. ¶ 9.)  Defendant indicates the requests generally were for additional videos, video logs, and medical records from Dr. Hedayat from San Joaquin Hospital. (*Id.*)  Defense counsel responded that the requests were being treated as a "Request for Production of Documents, Set Two," and provided formal responses on March 6, 2026, within 45 days, consistent with the Court's scheduling order. (*Id.* ¶ 10.)  The initial responses included citations to the previously served documents, and only included two additional pages of custodial records related to the requested videos. (*Id.*)  In response to Plaintiff's requests, defense counsel also subpoenaed Plaintiff's medical records from San Joaquin General Hospital, even though these medical records were not in Defendants' custody or control. (*Id.* ¶ 11.)  Defense counsel received the medical records on April 1, 2026, and served Plaintiff with supplemental discovery responses, including the entirety of these medical records, on the same day. (*Id.*)

Defendants argue that (1) Plaintiff's request for an expedited deadline for discovery is duplicative of another filing and lacks a legal basis; (2) Defendants complied with the supplemental disclosure requirements of Rule 26(e); (3) no Court review is necessary under Rule 26(g); (4) no in camera review is necessary and is the basis of another motion; and (5) sanctions are unwarranted.

### A.  Request for Expedited Discovery

Plaintiff requests expedited discovery deadlines to prevent further prejudice based on Defendants' purported delay in producing core discovery, including personnel files, investigative materials, and medical records.  (ECF No. 41.)  Plaintiff does not identify the "delay" in Defendants' discovery responses.  Plaintiff also does not identify any authority supporting expedited discovery, and the Court finds no basis to order such discovery premised on unspecified delays.

Based on the Court's June 10, 2025 discovery and scheduling order, responses to written discovery requests are due within 45 days after service.  (ECF No. 30.)  Plaintiff served his Request for Production of Documents, Set One, on August 7, 2025, and Defendants timely responded to the request within 45 days on September 22, 2025.  (Ryan Decl. ¶¶ 2-3.)  When

17

Plaintiff informed prior defense counsel that his link to discovery responses had expired, the medical records were provided to him again on December 31, 2025. (*Id.* ¶ 3.) Additionally, in response to Plaintiff's Request for Production of Documents, Set Two, defense counsel responded within 45 days. (*Id.* at 9-11.)

As to supplemental responses, Rule 26(e) provides that a party who has responded to a request for production must supplement its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). When current defense counsel learned Plaintiff was dissatisfied with the discovery responses on January 16, 2026, counsel provided Plaintiff with informal discovery responses five days after speaking to him. (Ryan Decl. ¶ 4.) Defense counsel then hired an outside vendor to convert previously unplayable videos and provided them to Plaintiff within 18 days after speaking to him. (*Id.* ¶¶ 4-8.) Counsel also served an updated privilege log. (*Id.* ¶ 7.) There is no indication that defense counsel failed to supplement the discovery responses in a timely manner.

Accordingly, Plaintiff's request for expedited discovery is DENIED.

### B. Supplemental Discovery Responses Under Rule 26(e)

Plaintiff claims that Defendants failed to timely supplement discovery under Rule 26(e) as demonstrated by the existence of undisclosed medical records in Defendants' possession. (ECF No. 41 at 3.)

Plaintiff provides no specificity regarding the undisclosed medical records. Insofar as Plaintiff is referring to his own medical records, those records were equally available to him. This includes his medical records from San Joaquin General Hospital. Defendants were not in possession or control of Plaintiff's medical records from San Joaquin General Hospital. (ECF No. 57 at 4; Ryan Decl. ¶ 11.) Rather, defense counsel subpoenaed those records and provided them to Plaintiff on the same day that counsel received them. (Ryan Decl. ¶11.) There is no indication that Defendants otherwise withheld Plaintiff's medical records from San Joaquin General Hospital. And, as discussed above, there also is no indication that Defendants failed to

timely supplement their discovery responses under Rule 26(e).

## C. Rule 26(g) Certification

Plaintiff argues that because defense counsel certified discovery responses as complete after a reasonable inquiry, "the failure to produce known medical records raises a substantial question as to whether a reasonable investigation was conducted." (ECF No. 41 at 3.) Plaintiff therefore requests that the Court review Defendants' Rule 26(g) certifications. (*Id.*)

Under Rule 26(g), every discovery response must be signed by at least one attorney of record or by the party personally, if unrepresented. Fed. R. Civ. P. 26(g)(1). By signing, the attorney or party "certifies that to the best of person's knowledge, information, and belief formed after a reasonable inquiry" the discovery response is "consistent with the[ ] rules," "not interposed for any improper purpose," and "neither unreasonable nor unduly burdensome or expensive." Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii). If a certification violates Rule 26(g), then the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

Here, Plaintiff does not specify which discovery responses are at issue or which medical records were not produced, and he does not identify the deficient certification or discovery response. Defendants posit that Plaintiff's issue relates to the production of records from San Joaquin General Hospital, and Plaintiff's apparent belief that reports from Dr. Hedayat were missing in Defendants' original discovery responses. (ECF No. 57 at 6, citing ECF No. 48 at 7.) Plaintiff requested this report from Dr. Heyadat in his Request for Production of Documents, Set Two. (Ryan Decl. ¶ 9.) As discussed above, however, Plaintiff's medical records from San Joaquin General Hospital were in the control and possession of the hospital, not Defendants. Plaintiff could have requested his records directly from the hospital. However, defense counsel subpoenaed those records and provided them to Plaintiff on the same day that counsel received them. (Ryan Decl. ¶11.)

Accordingly, Plaintiff's request for review of Defendants' Rule 26(g) certifications is DENIED.

///

19

### D. In Camera Review

Plaintiff requests that the Court require Defendants to submit withheld personnel files, disciplinary records, complaints, internal affairs investigations, and investigative findings for in camera review so the Court may conduct the required balancing analysis. (ECF No. 41 at 3.) This request is duplicative of Plaintiff's request in his "Motion to Compel Discovery; Request for In Camera Review," (ECF No. 38). For the reasons discussed in connection with that motion, Plaintiff's request for in camera review is DENIED.

### E. Request for Sanctions

Plaintiff requests sanctions under Rule 26(g) and Rule 37. As explained above, the Court does not find any basis for the imposition of sanctions. Plaintiff's request for discovery sanctions is therefore DENIED.

### IV. Plaintiff's Supplemental Motion to Compel Production of Disciplinary Records, Internal Affairs Files, Complete Video Evidence, and Related Documents; Request for Sanctions (ECF No. 48)

Plaintiff moves to compel Defendants to produce all outstanding discovery and for sanctions based on Defendants' failure to comply with their discovery obligations. (ECF No. 48 at 1.) Plaintiff argues that he has diligently pursued discovery since August 2025, but despite a court-ordered extension of discovery, Defendants continue to withhold critical Internal Affairs materials, refuse to produce disciplinary records, produce incomplete and truncated video evidence, fail to provide complete medical records, assert overbroad privilege objections, and engage in piecemeal and delayed production. (*Id.* at 2.) Plaintiff also argues that the limited production provided has revealed additional highly material issues, including that Defendant C. Rudd was promoted after the incident and later retired, video evidence is incomplete and omits critical portions of the incident, and medical records were not fully produced and had to be obtained independently by Plaintiff. (*Id.*)

### A. Withheld Discovery Materials

Plaintiff first asserts that Defendants have failed to produce complete Internal Affairs files, full disciplinary records and complaints, recorded interviews of Defendants and witnesses,

20

complete video evidence, and complete medical records.  (ECF No. 48 at 3.)  Plaintiff argues that he cannot proceed with depositions without access to this critical evidence.  (*Id.*)

Plaintiff's general assertions regarding Defendants' failure to produce complete Internal Affairs files, full disciplinary records and complaints, and video evidence, including recorded interviews, appear to be duplicative of his arguments in connection with his Motion to Compel Discovery; Request for In Camera Review, filed on February 20, 2026.  (ECF No. 38.)  The Court has denied that motion, and for the same reasons, denies the instant motion.  The Court now turns to Plaintiff's additional arguments.

Plaintiff asserts that Defendants' limited production has revealed the promotion of Defendant Rudd, missing video segments, and gaps in investigative materials.  Plaintiff contends that these revelations have created new discovery needs.  (ECF No. 48 at 4.)

Promotion of Defendant Rudd

Plaintiff reportedly has learned that Defendant Rudd was promoted shortly after the incident and later retired.  Plaintiff asserts that this fact directly implicates ratification, institutional approval, and failure to discipline.  Plaintiff therefore argues that the records surrounding the promotion, including evaluations, recommendations, and incident-related reviews, are essential and must be produced.  (ECF No. 48 at 4-5.)

The Court finds that Plaintiff's request for documents related to ratification, institutional approval, and failure to discipline Defendant Rudd's conduct is not relevant to the Eighth Amendment and state law claims at issue in this action.  Fed. R. Civ. P. 26(b).  Further, the Court has determined that Plaintiff's request for all disciplinary records, internal affairs investigations, and misconduct complaints for the past ten (10) years for Defendant Rudd to be overly broad, unduly burdensome, geared towards inadmissible character evidence, not proportional to the needs of his case, and not relevant to Plaintiff's excessive force, failure to prevent harm, battery or negligence claims.

Plaintiff asserts that internal affairs files and disciplinary records are improperly withheld. Plaintiff acknowledges that Defendants have placed responsive materials on a privilege log and asserted broad claims of privilege, but argues that the records are directly relevant to liability,

credibility, and patterns of conduct and that blanket withholding is improper.  Plaintiff contends that privacy and security concerns can be resolved through narrowly tailored redactions and there is no justification for withholding entire documents.  (ECF NO. 48 at 5.)

The Court has denied Plaintiff's motion to compel with respect to the internal affairs files and disciplinary records and for the same reasons, denies the instant request to compel production.  As previously noted, Plaintiff has not identified specific challenges to the privilege log, and the Court will not undertake a review in the absence of a particularized objection.

Video Footage

Plaintiff contends that Defendants have produced only limited video footage.  (ECF No. 48 at 5.)  In arguing that the footage is incomplete, Plaintiff alleges that while he was restrained in handcuffs and in significant pain inside the break room, multiple officers were observed walking in and out, Plaintiff called out for help, officers ignored him, shook their heads, and some laughed, officers gathered outside while Plaintiff remained in distress, and Officer Walker was the only one who offered assistance.  (ECF No. 48 at 6.)  Plaintiff further alleges that he had a direct interaction with Sgt. Mix, who was aware of Plaintiff's condition, and officers were congregating outside of the unit office, and in the words of Sgt. Mix, they were having a "meeting" while Plaintiff remained restrained and in pain. (*Id.*) Plaintiff asserts that the presence of multiple officers confirms that additional footage exists, including cameras covering the unit office and surrounding areas.  (*Id.*)

Defendants have reiterated that they have turned over all responsive video evidence in their care, custody, and control, and no other video evidence exists.  (ECF No. 58 at 3.)  Again, the Court cannot compel a party to produce video footage that does not exist.  Plaintiff's request is therefore denied.

Medical Records

Plaintiff argues that Defendants failed to produce complete medical records.  (ECF No. 48 at 6.)  He claims that he was required to obtain certain records independently that should have been disclosed, and that "a critical report from Dr. Heyadat remains outstanding."  (*Id.*)

According to the record, Defendants have produced Plaintiff's medical records from

22

Sierra Conservation Center and from San Joaquin General Hospital.  To the extent Plaintiff is complaining about the production of his own medical records, those records were equally available to Plaintiff, including from Dr. Heyadat.  Plaintiff's request to compel further production is therefore denied.

**B.      Request for Sanctions**

Plaintiff argues that Defendants' conduct warrants sanctions, and that Defendants have engaged in pattern of delay, incomplete disclosure, and overbroad objections, which has materially prejudiced Plaintiff.  For the reasons discussed in connection with Plaintiff's motions to compel and for sanctions, the Court does not find that discovery sanctions are warranted. Plaintiff's request for sanctions is therefore denied.

**VI.      Conclusion and Order**

Having now resolved Plaintiff's discovery motions, the stay of Plaintiff's deposition will be lifted. Additionally, in light of this order and for good cause, the Court will sua sponte extend the discovery and dispositive motion deadlines.

Accordingly, it is HEREBY ORDERED as follows:

1.   Plaintiff's Motion to Compel Discovery: Request for In Camera Review, (ECF No. 38), is DENIED;

2.   Plaintiff's Motion for Sanctions, Expedited Discovery Relief, and Rule 26(g) Certification Review, (ECF No. 41), is DENIED;

3.    Plaintiff's Supplemental Motion to Compel Production of Disciplinary Records, Internal Affairs Files, Complete Video Evidence, and Related Documents; Request for Sanctions, (ECF No. 48), is DENIED;

4.   The stay of Plaintiff's deposition issued on May 20, 2026, (ECF No. 62) is LIFTED;

5.   The deadline for completion of discovery is extended to **July 13, 2026**, and the deadline to file a dispositive motion is extended to **September 11, 2026**; and

///

///

///

23

6. Defendants' pending request for administrative relief to extend the deadline for fact discovery and the time to file Defendants' motion for summary judgment, (ECF No. 64), is DENIED as moot.

IT IS SO ORDERED.

Dated:   **June 16, 2026**                    /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

24