**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY MACKEY, | No. 1:24-cv-00648 JLT BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Docs. 53, 59) |
| RUDD, *et al.*, | |
| Defendant. | |

Terry Mackey is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against C. Rudd and K. Ram for excessive force in violation of the Eighth Amendment, M. Mix for failure to prevent harm in violation of the Eighth Amendment, C. Rudd and K. Ram for battery, and C. Rudd, K. Ram, and M. Mix for negligence.

On March 31, 2026, the magistrate judge granted Defendants' administrative motion to extend the discovery and dispositive motion deadlines. (Doc. 47.) The magistrate judge found good cause for the requested extension based on then-pending discovery motions and remaining discovery, including Mackey's anticipated depositions of Defendants. (*Id.*) Although Mackey did not have an opportunity to respond to Defendants' motion, the magistrate judge concluded Mackey would not be prejudiced by extension of the deadlines, which would allow for resolution of the discovery motions and completion of depositions. (*Id.*)

1

On April 9, 2026, Mackey opposed Defendants' administrative motion and moved for reconsideration of the magistrate judge's order extending the dispositive motion deadline. (Doc. 53.) Mackey argued he was denied a meaningful opportunity to be heard, the magistrate judge's order results in manifest injustice, and material facts were not presented prior to the ruling. (*Id.*) Defendants opposed the motion, asserting Mackey failed to identify which part of the magistrate judge's order was clearly erroneous or contrary to law. (Doc 54.) Mackey replied, reiterating that he was denied a meaningful opportunity to be heard, and arguing that extending the dispositive deadline favors defendants and results in prejudice. (Doc. 59.)

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a); *see also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order that "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions, which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).

Mackey does not offer sufficient grounds for reconsideration under the "clearly erroneous" or "contrary to law" standards. The magistrate judge's determination that good cause supported modification of both the discovery and dispositive motion deadlines was reasonable and justified based on the then-pending discovery motions. Further, Mackey's challenge to the magistrate judge's March 31, 2026 decision is now moot. Having resolved the pending discovery motions, the magistrate judge *sua sponte* extended the discovery and dispositive motion deadlines on June 16, 2026. (*See* Doc. 65.)

///

///

///

///

2

Therefore, Plaintiff's motion for reconsideration, Doc. 53, is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 19, 2026**

UNITED STATES DISTRICT JUDGE

3