# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY,<br><br>Plaintiff,<br><br>v.<br><br>C. RUDD, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00648-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE CURRENT DATES<br><br>(ECF No. 70) |

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Rudd and Ram for excessive force in violation of the Eighth Amendment; (2) Defendant Mix for failure to prevent harm in violation of the Eighth Amendment; (3) Defendants Rudd and Ram for a state law claim for battery; and (4) Defendants Rudd, Ram, and Mix for a state law claim for negligence.

On June 10, 2025, the Court issued a Discovery and Scheduling Order, which set the discovery and dispositive motion deadlines. (ECF No. 30.) The discovery and dispositive motion deadlines were extended during the course of this litigation. (*See* ECF Nos. 37, 47, 65.) The deadline for completion of discovery has expired. (ECF No. 65.) The current deadline to file a dispositive motion (other than a motion for failure to exhaust) is September 11, 2026. (*Id.*)

On July 10, 2026, Defendants filed a motion for terminating sanctions or in the alternative motion to compel. (ECF No. 68.) Defendants seek terminating sanctions based on Plaintiff's failure to attend his noticed deposition on July 7, 2026, and his provision of deficient responses to

discovery. In the alternative, Defendants request that the Court compel Plaintiff to respond to written discovery and compel his deposition testimony. (*Id.*) Plaintiff failed to oppose the motion. (*See* ECF No. 69.) The motion remains pending.

Currently before the Court is Defendants' motion for administrative relief for an order vacating all currently scheduled dates while their motion for terminating sanctions remains pending, filed August 25, 2026. (ECF No. 70.) Alternatively, Defendants request an extension of time to file a dispositive motion. (*Id.*) Defendants assert that vacating dates while the motion for terminating sanctions is pending will conserve judicial and party resources because, if the motion is granted, then it will obviate the need for a motion for summary judgment. If the pending motion for terminating sanctions is not granted, then defense counsel will require additional time to depose Plaintiff and draft the motion for summary judgment. (*Id.*)

Plaintiff has not yet filed a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered Defendants' motion, the Court finds good cause to modify the Discovery and Scheduling Order to vacate the dispositive motion deadline. The Court finds it would be an efficient use of the resources of the Court and the parties to resolve Defendants' motion for terminating sanctions before reaching the merits of this action. The Court also finds that the relief granted here will not result in prejudice to Plaintiff.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendants' motion for administrative relief to vacate current dates, (ECF No. 70), is GRANTED.
2. The dispositive motion deadline is VACATED.
3. As necessary and appropriate, the Court will reset the deadline following resolution of the pending motion for terminating sanctions.

IT IS SO ORDERED.

Dated: **August 30, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE