# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY,<br>Plaintiff,<br>v.<br>C. RUDD, *et al.*,<br>Defendants. | Case No. 1:24-cv-00648-JLT-BAM (PC)<br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS OR IN THE ALTERNATIVE MOTION TO COMPEL<br>(ECF No. 68)<br>**FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff Terry Mackey ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on the following claims in Plaintiff's second amended complaint: (1) excessive force in violation of the Eighth Amendment against C. Rudd and K. Ram, (2) failure to prevent harm in violation of the Eighth Amendment against M. Mix, (3) battery under California law against C. Rudd and K. Ram, and (4) negligence against C. Rudd, K. Ram, and M. Mix.

Currently before the Court is Defendants' motion for terminating sanctions or, in the alternative, motion to compel, filed July 10, 2026. (ECF No. 68.) Plaintiff did not file a response or otherwise oppose Defendants' motion, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

///

## II. Relevant Procedural Background

Discovery in this action opened on June 10, 2025, with a deadline to complete all discovery of February 10, 2026, and a deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) of April 20, 2026. (ECF No. 30.)

Pursuant to the Court's January 21, 2026 order granting Plaintiff's unopposed motion, the deadline for completion of all discovery was extended to April 13, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) was extended to June 22, 2026. (ECF No. 37.)

On February 20, 2026, Plaintiff filed multiple discovery motions. (ECF Nos. 38, 41, 42.) On February 23, 2026, the Court ordered the parties to meet and confer regarding the discovery disputes and stayed further briefing on Plaintiff's motions. (ECF No. 43.)

On March 30, 2026, after the parties failed to resolve certain of Plaintiff's discovery motions, the Court reinstated briefing on Plaintiff's motion to compel discovery and motion for sanctions. (ECF No. 46.)

On March 31, 2026, the Court granted Defendants' motion to extend the discovery deadline and dispositive motion deadline, setting the discovery deadline for June 12, 2026, and the dispositive motion deadline for August 21, 2026. (ECF No. 47.) Plaintiff sought reconsideration of the Court's order, which the district court denied. (ECF Nos. 53, 66.)

On April 6, 2026, Plaintiff filed a supplemental motion to compel production of documents and request for sanctions. (ECF No. 48.)

On April 28, 2026, Defendants served Plaintiff with Defendant Rudd's First Set of Requests for Production of Documents ("RFPD") and Defendant Rudd's First Set of Interrogatories ("ROGs"). (ECF No. 68 at 13-15, Declaration of Caitlin Ryan ("Ryan Decl.") ¶ 12.) Plaintiff subsequently e-mailed responses to ROGs, and sent three medical records. (*Id.* ¶¶ 14, 15.) Plaintiff also sent responses to RFPDs via e-mail. (*Id.*) Plaintiff listed a number of medical appointments and doctors he has seen for his alleged injuries in response to Interrogatory No. 2 and RFPD No. 6, but Plaintiff did not provide all medical records listed. (*Id.* ¶ 15.) Further, none of the listed records after Plaintiff was released from custody on April 6, 2025, are

in CDCR's custody or control. (*Id.* ¶ 16.) Plaintiff also failed to respond to certain ROGs by failing to provide addresses and contact information for his medical providers, failing to name where he works and providing witnesses, not providing dates, name, and contact information of medical care providers he sought treatment from, not listing the names, addresses, and contact information of people who would have information regarding his work limitations, and by failing to provide the dates diagnoses were made, names, addresses, and contact information for medical providers. (*Id.* ¶¶ 17-21.)

On May 15, 2026, Plaintiff moved to stay his deposition, which had been noticed for May 22, 2026. (ECF No. 61.) The Court partially granted the request and stayed Plaintiff's deposition pending resolution of Plaintiff's then-pending discovery motions. (ECF No. 62.)

On June 16, 2026, the Court denied Plaintiff's pending discovery motions, lifted the stay of Plaintiff's deposition, extended the discovery deadline to July 13, 2026, and extended the dispositive motion deadline to September 11, 2026. (ECF No. 65.)

The following day, on June 17, 2026, defense counsel e-mailed Plaintiff inquiring which dates were available for him to have his deposition taken and e-mailed him a courtesy copy of the Court's order lifting the stay. (Ryan Decl. ¶ 2.) Plaintiff responded that he would be requesting another stay of his deposition and did not provide any available dates for his deposition. (*Id.* ¶ 3.) On the same date, Defendants served Plaintiff with a deposition notice by mail and e-mail. (Ryan Decl. ¶¶ 4-5.) The deposition notice stated that Plaintiff's failure to attend and cooperate in the deposition may result in court-ordered sanctions, which may include dismissal of this action. (*Id.*, Ex. 1.) The deposition was scheduled to take place on July 7, 2026, at Varitext Legal Solutions, in Oakland, California (*Id.*)

On June 18, 2026, Plaintiff and defense counsel met and conferred regarding Plaintiff's failure to respond to written discovery. (Ryan Decl. ¶ 6.) During the meet and confer, defense counsel also inquired if July 7, 2026, was an amenable date for Plaintiff, and he agreed it was a good date but stated that he would be going to the Court about the deposition. (*Id.*) On June 22, 2026, defense counsel e-mailed Plaintiff a summary of their meet and confer including that Plaintiff said July 7, 2026, was an amenable date for his deposition. Plaintiff responded and did

not dispute the statements. (Ryan Decl. ¶ 7.)

On July 7, 2026, defense counsel appeared for Plaintiff's noticed deposition. (Ryan Decl. ¶ 8 and Ex. 2.) Plaintiff did not appear for his noticed deposition. (*Id.*)

On July 10, 2026, Defendants filed the instant motion to dismiss for terminating sanctions. (ECF No. 68.) In the alternative, Defendants seek to compel Plaintiff to fully respond to written discovery and compel his deposition testimony with an admonishment that failure to do so may result in terminating sanctions. (*Id.*) Plaintiff did not file a response to the motion. On August 14, 2026, Defendants filed a notice of Plaintiff's failure to oppose defendant's motion for termination, along with a request for dismissal with prejudice. (ECF No. 69.)

## III. Defendants' Motion to Dismiss

### A. Legal Standard

The Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with the rules of discovery or a court order. Rule 37 permits a court to dismiss an action or proceeding if a party fails to obey a discovery order or refuses to attend a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), 37(b)(2)(A)(v). If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(i); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (the Ninth Circuit held that a party's act of informing the opposing party that he would not attend his deposition the business day before the deposition was scheduled was sufficient to trigger Rule 37(d) sanctions.). Rule 37 also permits a court to dismiss an action or proceeding if a party fails to respond to interrogatories propounded under Rule 33 or requests for inspection under Rule 34. Fed. R. Civ. P. 37(d)(1)(A)(ii), 37(b)(2)(A)(v).

"Dismissal, however, is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (citation omitted); *Henry*, 983 F.2d at 948 ("disobedient conduct not shown to be outside the control of the litigant" is all that is required to demonstrate willfulness, bad faith, or fault). Similarly, Rule 41(b) also provides for dismissal of an action for failure to comply with the rules of civil procedure or a court order. Fed. R. Civ. P. 41(b).

Additionally, Local Rule 110 provides that the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate ... dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (internal quotation omitted).

**1. Willfulness and Bad Faith**

Plaintiff's pro se status does not excuse intentional non-compliance with the Federal Rules of Civil Procedure or court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer. . . ."). In the instant action, Plaintiff has been aware since the Court's issuance of the initial discovery and scheduling order that he would be required to appear and cooperate in a deposition. (ECF No. 30.) Plaintiff also was warned that he was required to act in good faith during the course of discovery and that the failure to do so may result in the payment of expenses or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules, which may include dismissal of the case. (*Id.* at 1-2.)

Plaintiff's failure to attend his deposition does not appear to be due to issues outside of Plaintiff's control. "[D]isobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014). Here, Plaintiff was given an opportunity to provide agreeable dates for his deposition, but he did not do so. (Ryan Decl. ¶¶ 2-3.) Plaintiff also received ample notice of the deposition. Defendants served Plaintiff with a copy of the deposition notice by both e-mail and mail, and defense counsel confirmed with Plaintiff that the selected date of July 7, 2026 was a good date for his deposition. (Ryan Decl. ¶ 4-6.) Plaintiff expressed to defense counsel that he would be requesting a stay of his deposition and was going to court regarding his deposition, but he did not contact the court to stay the deposition. (Ryan Decl. ¶¶ 3, 6.) And while Plaintiff

successfully stayed his May 22, 2026 deposition, he did not request a stay or seek relief from the Court regarding his July 7, 2026 deposition, despite having several weeks to do so. There is no explanation as to why Plaintiff failed to appear for his noticed deposition, the date of which he had confirmed with defense counsel.

Additionally, Plaintiff has not filed an opposition to Defendants' motion to dismiss that includes an explanation for his lack of appearance or demonstrates any intent to comply with his discovery obligations. Based on Plaintiff's failure to appear at his duly noticed deposition and his failure to respond to Defendants' motion, the Court can only conclude that Plaintiff has abandoned this litigation, and any orders directing compliance or warning of the consequences of non-compliance would likely be of no effect.

Based on the foregoing, the Court concludes that Plaintiff's conduct constitutes willful disregard of his discovery obligations and bad faith in an effort to avoid appearing at his deposition. The Court now turns to the issue of whether terminating sanctions are appropriate.

**2. Terminating Sanctions**

The Court must consider five factors in deciding whether terminating sanctions are warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal. The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). Here, Plaintiff's conduct has delayed the proceedings and has deprived Defendants of their right to take Plaintiff's deposition (and to obtain complete written discovery). Thus, the first factor weighs in favor of dismissal of this action.

The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and

civil cases on its docket." *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik."). As detailed in this order, the Court has devoted time and resources addressing modifications of the scheduling order, including a prior stay of Plaintiff's deposition. Further, because of Plaintiff's conduct, the Court also is required to devote substantial time to assess whether dismissal is appropriate. Plaintiff's conduct has diverted the Court from other cases and has required the Court to expend its limited resources addressing his failure to appear for his deposition. The Court cannot effectively manage its docket if Plaintiff fails to comply with court orders or with his discovery obligations. Thus, the second factor also weighs in favor of dismissal.

The third factor—prejudice to Defendants—also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir.2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir.1990)). Defendants have been unable to obtain discovery of evidence and facts through Plaintiff's deposition, preventing them from evaluating and defending against Plaintiff's claims. Defendants also have been required to expend time and resources to seek Plaintiff's responses or his appearance at his deposition, and Plaintiff's failure to respond or to appear has resulted in delay of the proceedings.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted).

Finally, a district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). The Court has considered lesser sanctions, but finds no lesser sanction is warranted. As Plaintiff has abandoned this litigation, no

further order of the Court compelling compliance or warning of dismissal for noncompliance would compel him to attend a future deposition or to comply with discovery obligations. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that he withheld from Defendants and the Court would have no practical way of excluding such testimony. Monetary sanctions are also ineffective because of Plaintiff's *in forma pauperis* status. He would likely be unable to pay any monetary sanctions. Additionally, the Court warned Plaintiff about the consequences of the failure to act in good faith during the course of discovery, but Plaintiff's conduct has indicated no intent to comply with the Court's orders or to appear for his deposition. Thus, issuing an order to compel and/or continuing discovery deadlines is likely to have little effect. The Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

Further, the Court expressly warned Plaintiff that if he failed to act in good faith during the course of discovery, then he may be subject to sanctions, including terminating sanctions. (ECF No. 30.) The Court's warning to a party of the consequences of his bad faith or dilatory conduct satisfies the "considerations of the alternatives" requirement. *See Henderson*, 779 F.2d at 1424. Likewise, Defendants' deposition notice informed Plaintiff that the failure to attend and cooperate in the deposition may result in court-ordered sanctions, including dismissal of this action. (Ex. 1 to Ryan Dec.) Thus, Plaintiff had adequate warning that dismissal could result from his lack of good faith conduct in discovery and his failure to appear at the deposition.

**IV. Conclusion and Recommendation**

Having considered the relevant factors, the Court finds that terminating sanctions are justified and HEREBY RECOMMENDS that:

1. Defendants' motion for terminating sanctions, (ECF No. 68), be granted.
2. Defendants' alternate request to compel Plaintiff to fully respond to written discovery and compel his deposition testimony be denied as moot.
3. This action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE